ABRAM GOODMAN, Respondent, *v.* MOSES CRYSTAL and BERNHARD KRELLENSTEIN, Appellants.

*Negligence — passing by a dangerous machine while in operation, after telling the operator to stop it.*

An employee, who, in order to reach the place where he is to do his work, is obliged to climb over a lever attached to a punch when the lever is down, or to pass under it when up, and who, after telling the boy operating the lever to stop, that he is about to pass, proceeds to pass under the lever, assumes the risk of the boy's failure to stop in time to avoid dropping the lever on his head.

APPEAL by the defendants, Moses Crystal and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of April, 1900, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 26th day of April, 1900, denying the defendants' motion for a new trial made upon the minutes.

*L. Sydney Carrère,* for the appellants.

*Charles G. F. Wahle,* for the respondent.

HATCH, J.:

This action was brought to recover damages for alleged injuries to the plaintiff resulting from the negligence of the defendants.

It appears that the plaintiff, a man thirty years old, was employed by the defendants as a cabinet maker, in connection with the making of folding beds. He had been in the employ of the defendants for about six months, and his place of occupation was on the second floor of the building where the business was carried on. A part of his work was fixing the springs on the beds, and on the morning of the accident he was directed to go up to the third floor and fix some springs on folding beds on that floor. On the floor to which he was sent there was a machine called a punch operated by a long lever. The lever was of iron, two inches in diameter, six feet long and weighed eighteen and three-quarter pounds. The punch was three feet, and the lever was fastened four feet, above the floor, and in operating it it had to be raised six feet above the point where it was fastened. The lever extended five feet and three inches from the end of the punch, and, when down, extended across the open space between the punch and a partition which projected into the room and blocked the passageway, so that a person passing through the building along the third floor from the point where plaintiff entered the room to the place where he was to do his work, was obliged, as testified by the plaintiff, to pass this punch over the space across which the lever extended when down, climbing over it when down, or passing under it when up. Plaintiff testified that he had never seen this machine before, but admits that he had been on the third floor to do the same kind of work at least three or four times. There was a window a few feet from the punch and other windows around the room. As the plaintiff attempted to pass this punch about ten or eleven o'clock in the morning, he was hit on the head by the lever and received the injuries of which complaint is made.

The punch was being operated by a young man eighteen years old and by a boy much younger. Schloss, the older boy, was feeding the plates into the machine and the lad, who was only about three and a half feet or so in height, was working the lever. He had been taught the work by Schloss, who had formerly done the same work. It appears that he was much too small and lacked strength for the work, and that the attention of the defendant Krellenstein had been called to his incapacity three days before the accident.

FIRST DEPARTMENT, DECEMBER TERM, 1900.        [Vol. 56.

When Goodman, the plaintiff, approached the punch the lever was up. He saw the boy in the act of operating it and told him to stop, that he had to pass through there. The boy did not stop and the plaintiff attempted to pass under the lever, when, as he testified, "he left that lever on my head." Fenelli, the boy, testified that he did not hear the plaintiff tell him to stop; that he was ordered by Schloss, whose helper he was, to go ahead, and that he pressed the lever down and struck the plaintiff on the head. Schloss testified that Goodman told the boy to stop, and at the same time he, Schloss, told him to go ahead. That he could have stopped but did not. At the close of the plaintiff's case, and again at the close of the testimony, the defendants' counsel moved to dismiss the complaint, which motions were denied. The case was then submitted to the jury under a charge to which no exception was taken.

We think the judgment should be reversed because of the negligence of the plaintiff. In passing under this iron bar at the time he did, under the conditions which he plainly saw, the danger of which was clearly apparent, as is shown by the fact of his telling the boy to stop, he must be held to have assumed the risk. His own negligence clearly contributed to it if it was not the direct and proximate cause of the accident.

This plaintiff, an experienced workman, thirty years of age, was not justified in attempting to pass under the lever of that machine while in operation. He evidently recognized the necessity of stopping the working of the lever until he had passed under it, as is apparent from his act in himself calling to the boy to stop it. It is not intimated that the machine was in any way defective. The danger was obvious, and plaintiff was bound, at his peril, to wait until the danger was removed before attempting to pass by.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.